The Lake Erie and Western Railroad Company *v.* Priest *et al.*

No. 15,720.

THE LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* PRIEST ET AL.

COVENANT.—*To Maintain Crossing, Cattle-guards, etc.—Obligation to Perform by Purchaser at Foreclosure Sale.—Right of Way.—Railroad.*—A provision in a deed of land to a railroad company for a right of way, requiring the grantee to maintain a fence on each side of said right of way, and to put in and maintain a farm crossing and cattle-guards, is a covenant running with the land. It is binding on the grantee and on a purchaser of the railroad under foreclosure of a mortgage executed before the land was conveyed. While equity will apply the mortgage to the after-acquired title, it can only affect such right and such title as the grantee and mortgagor actually acquire. If the title comes to him, as in this case, burdened with covenants, the mortgagee, while availing himself of the security, must take the title as it is, with its burdens.

PARTIES.—*Covenant Running with Land.—Action to Enforce.—Wife Proper Party Plaintiff.*—A wife's interest in the lands of her husband has been so enlarged by section 2508, R. S. 1881, that while she may not be a necessary party plaintiff, she is nevertheless a proper party plaintiff with her husband in an action to compel a railroad company to maintain a crossing over its right of way, and to maintain cattle-guards, fences, etc., in accordance with a provision in a deed, by the husband and wife of the land, for the right of way.

From the Delaware Circuit Court.

*R. S. Gregory* and *A. C. Silverburg*, for appellant.

*W. W. Orr*, for appellees.

McBRIDE, J.—October 16th, 1879, the appellees, who are husband and wife, executed to the Lake Erie and Western Railway Company a deed, conveying a strip of land for right of way across lands then and still owned in fee simple by the husband.

The deed contained the following recital as to consideration:

"For and in consideration of the construction of the railway of the company hereinafter named, and the sum of one hundred and fifty-six and $\frac{15}{100}$ dollars to them in hand paid by the Lake Erie and Western Railway Company."

Immediately following the description of the land was the following :

" Provided, that said railway company shall, within one year from and after the completion of said railway, erect, and thereafter maintain a good, substantial fence on each side of said right of way ; shall put in, and thereafter maintain, one farm crossing, with cattle-guards on each side, at a point designated by me during the building of said railway; also, all necessary and proper cattle-guards at road crossings and outside lines." Following this is the usual habendum clause, with full covenants of warranty.

The complaint avers acceptance of the deed by the grantee, and that it thereafter entered into possession of the land conveyed, and in the year 1880 constructed a line of railway across the same ; that it also, after the construction of its railway, in compliance with the conditions of the deed, constructed the farm crossing, cattle-guards, fences, etc., required by the proviso in said deed, and, thereafter, while it remained the owner of said railway, maintained them ; that the land over which the same passes is a farm, and that the line of railway cuts off from the remainder of the farm, and from the dwelling and out-buildings thereon, twenty acres of land which can only be reached by passing over said railway ; that the appellant is the successor to said grantee in the ownership of said railway, having succeeded to its title, rights and privileges by purchase and conveyance from and through said grantee, and has held the same and operated the said railway for more than four years; that in disregard of the appellee's rights, and of its duties under said conveyance, it has removed the farm crossing, cattle-guards, fences, etc., and refuses to restore them, and deprives the appellee of the use and benefits of the same.

The complaint contains averments showing special damages occasioned by this conduct of the appellant, and seeks to recover damage and a decree for the specific performance of the conditions of the deed by the restoration and con-

tinued maintenance of the crossing, cattle-guards, fences, etc. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was overruled. The principal controversy in the case is over the construction to be given to the proviso above quoted, contained in the deed conveying the right of way. A construction of that proviso, with a determination of the rights and liabilities growing out of it, will be decisive of every material question, but one, presented by the record. A special answer filed by the appellant discloses the following additional facts bearing on the controversy:

The grantee in the deed, before the deed was executed, mortgaged all its rights in its right of way, and other property, to the Central Trust Company of New York. The mortgage covered such interest as the grantee then had in the land conveyed by the appellees. It is averred that the appellees executed the deed in question with full knowledge of the mortgage. The mortgage was afterward foreclosed, and the property was duly sold at foreclosure sale, one Samuel Thomas becoming the purchaser. The appellant derives its title by conveyance from Thomas, and the grantee has no interest whatever therein. It does not appear that the appellees were either of them parties to the foreclosure proceedings. It is averred that the appellant bought without knowledge of any agreement, liability or obligation for the maintenance of the cattle-guard, farm crossing, etc. A demurrer to this special answer was sustained. Counsel have discussed the questions raised by both rulings together, with the evident purpose of thereby eliciting full consideration of the one question already suggested.

The contention of the appellant is that the proviso in the deed creates no charge upon the land that runs with the title, and that, whatever may have been the duties and obligations thereby imposed upon the grantee, the land came to the appellant freed from any duty or burden for the maintenance of cattle-guards, crossing, fences, etc.

We are unable to see wherein the question here presented differs in any material particular from that which was fully and exhaustively considered in the case of *Midland R. W. Co.* v. *Fisher*, 125 Ind. 19. In view of the full and careful consideration given to that case any elaboration here is unnecessary. In our opinion the stipulations contained in the proviso must be considered as forming a material part of the consideration for the conveyance. The acceptance of the deed imposed a burden upon the land which was not only binding upon the original grantee, but runs with the title, and is equally binding upon all who claim through the original grantee.

The fact that the mortgage was executed before the deed was made could not operate to give the mortgagee, or those claiming under it, any rights superior to the rights of the appellees, the grantors. When the mortgage was executed the mortgagor had no title to the land.

The mortgage would, however, in equity attach to the subsequently acquired title. So that, as between the mortgagor and the mortgagee, their relative rights are substantially as they would have been if the mortgagor had held title when the mortgage was made. Jones Mort., section 153.

In such case, while equity will apply the mortgage to the after acquired title, it can only affect such right and such title as the grantee and mortgagor actually acquires. If the title comes to him, as in this case, burdened with covenants, the mortgagee, while availing himself of the security, must take the title as it is, with its burdens.

The appellant also insists that the demurrer to the complaint should have been sustained on the ground that it does not show a right of action in all of the plaintiffs. The rule is as stated by the appellant, that a complaint must be good as to all of the plaintiffs, or it is not good as to any, and if the facts pleaded show that one or more of the parties joined as plaintiffs has no interest in the controversy, a demurrer on the ground that it does not state facts sufficient to constitute

a good cause of action should be sustained. The complaint, to be good, must show a joint interest and cause of action in all of the plaintiffs. *Holzman* v. *Hibben,* 100 Ind. 338, and cases cited. *Peters* v. *Guthrie,* 119 Ind. 44.

We think, however, that the facts pleaded do show such joint interest of the plaintiffs in the cause of action as authorizes them to join in the action.

A wife's interest in the lands of her husband, while still an inchoate interest, has been greatly enlarged. Her common law right of dower has been enlarged into a fee, which is not simply contingent upon the husband's death, but may at any time become vested and absolute upon a judicial sale of the land, where her inchoate interest is not directed by the judgment to be barred or sold. Section 2508, R. S. 1881.

While we do not think she is a necessary party in such cases, in our opinion she has such interest as makes her a proper party plaintiff.

A question of evidence is discussed which we do not deem it necessary to consider in view of certain well settled rules.

We find no error in the record.

Judgment affirmed, with costs.

Filed April 29, 1892.