Jones, Treasurer, etc., v. Cullen.

Filed October 18, 1895.

---

No. 16,456.

JONES, TREASURER, ETC., v. CULLEN.

COUNTY COMMISSIONERS.—*Order Granting Aid to Railroad Company.* —*Irregular Session.*—*Void.*—*Collateral Attack.*—*Injunction.*—An order of the board of county commissioners granting aid to railroad companies by townships within the county, of which matter such board has exclusive original jurisdiction, will not be held void on collateral attack on the ground that the meeting at which such order was made was irregular, where all the members of the board were present at the place provided by law for their meeting, and at a time when they could have convened in special session upon call.

| 142 | 335 |
| 140 | 640 |
| 141 | 88 |
| 141 | 671 |
| 142 | 369 |
| 142 | 335 |
| 145 | 74 |
| 147 | 503 |
| 142 | 335 |
| 148 | 436 |
| 152 | 577 |
| 142 | 335 |
| 153 | 241 |
| 153 | 688 |
| 142 | 335 |
| 154 | 238 |
| 155 | 490 |
| 156 | 89 |
| 156 | 269 |
| 142 | 335 |
| 157 | 176 |
| 142 | 335 |
| 159 | 516 |
| 142 | 335 |
| 163 | 239 |

Jones, Treasurer, etc., *v.* Cullen.

SAME.—*Order Granting Aid to Railroad Co.*—*Action to Set Aside.*—
*Laches.*—An order of the board of county commissioners granting
aid to a railroad company will not be set aside at the instance of
one who waits three years before seeking relief, and until the rail-
road company, in consideration of the donation, has expended
money in the construction of the road.

From the Marion Superior Court.

*B. K. Elliott* and *W. F. Elliott,* for appellant.

*A. C. Harris, W. A. Cullen* and *J. D. Megee,* for
appellee.

JORDAN, J.—This was an action commenced by the
appellee, in the circuit court of Rush county, on the 16th
day of February, 1891, to enjoin appellant, as the treas-
urer of that county, from collecting a tax levied upon
the lands of appellee and others, to aid in the construc-
tion of the Cincinnati, Wabash and Michigan Railway.

Upon a change of venue-the cause was tried in the
Marion Superior Court, and resulted in a judgment per-
petually enjoining appellant from collecting the tax in
question, and adjudging the same to be null and void.
The following from the record appears to be a correct
summary of the facts in the cause:

On March 30, 1887, a petition in due form signed by
twenty-five freeholders and over, of the township, in
accordance with section 4045, R. S. 1881, and section
5340, R. S. 1894, was presented to the board of commis-
sioners of said county, asking an appropriation of fifty
thousand dollars as a donation to said railway company.
Said petition was acted upon by the board, and an order
made on that day fixing the 4th day of May, 1887, for an
election to enable the voters of the township to decide
whether the donation should be made. The election was
held pursuant to the order, and resulted in a majority of
the votes being cast for the appropriation.

Jones, Treasurer, etc., *v.* Cullen.

At the regular June term, 1887, a return of said election was made to the board, and the donation of said sum to the railway company was made; and, for the purpose of raising the sum donated, a special tax of one per cent. upon the real and personal property of the several owners thereof, in the township, subject to taxation for State and county purposes for the year 1887, was levied by the board, to be collected as other taxes; and the auditor was directed to levy and assess upon the tax duplicate to the several owners of real and personal property therein, a tax of one per cent. for the year 1887, to raise a part of said sum voted and donated as aforesaid. The residue thereof, not to exceed one per cent. was ordered to be levied and assessed in the same manner, at the ensuing June session, 1888, of said board. The collection of said levies and assessments was ordered suspended until the further order of the board.

No further proceedings were had in the matter until the 17th day of June, 1890, when the board, as recited in the record entry then made, on account of said railway company having resumed the prosecution of its work in the township, and being engaged in prosecuting it to a speedy completion, revoked and set aside its said order of suspension of the collection of the taxes, and directed the auditor of said county to assess and apportion to the several owners of real and personal property subject to taxation in the township for the year 1887, a tax of one per cent. to raise the sum of $23,224.95, and to assess and apportion the residue of said donation, or so much thereof as not to exceed one per cent. upon the taxables, to the several owners of real and personal property subject to taxation in the township, as shown upon the tax duplicate for the year 1888; said taxes to be collected by installments in like manner as are State and county taxes.

VOL. 142—22

The auditor complied with the order of the board, and the amount assessed and charged against the lands and lots of appellee amounted to $306.00, which amount appellant threatens to enforce against the property of the former.

Appellee was, on March 30, 1887, the owner of the lands and lots upon which the railroad tax has been levied, but did not join in the petition heretofore mentioned. The proper notice for the election was given by publication, in two papers of general circulation, printed and published in Rushville, the county seat, and also by the distribution of printed hand-bills.

The errors presented and argued by the learned counsel for appellant, are upon the action of the court in overruling the demurrer to certain specifications of the complaint, and in overruling a motion for a new trial. The complaint is quite voluminous, and contains eleven specifications. It and each of its specifications were assailed by a demurrer, which was overruled to the 1st, 2nd, 4th, 7th, 8th, and 9th, and sustained to the others.

In actions of the character like the one at bar, it is the proper practice as recognized by the decisions of this court, to demur to each specification. Each is considered as a separate paragraph, and must be good within itself, and one can lend no aid in upholding the other. *Hilton* v. *Mason, Treas.*, 92 Ind. 157, and cases cited; *Hill* v. *Probst, Treas.*, 120 Ind. 528.

The first and second specifications are the essential ones in the case, and are so considered by the appellant and appellee herein, and they are substantially as follows: "Plaintiff says that the tax so pretended to be levied and charged against him and his said property is absolutely null and void for the following reasons:

"First—The pretended meeting of the board of county

commissioners on the 30th day of March, 1887, and all business pretended to be transacted by them, was wholly illegal and void for the reason that the board was not in general session, the law prescribing another and different time for the regular meeting of boards of commissioners in counties wherein the population exceeds ten thousand and does not exceed thirty thousand; and was not legally in special session because no notice was given to the members of the board, or to any of them, by the auditor of Rush county, that said board would meet in special session on the said 30th day of March, or on any previous day from which the board had adjourned to that day, nor by any officer of Rush county, authorized by law to give such notice, nor was the board at any time in special session pursuant to a notice of the county auditor or any officer of Rush county between the termination of the regular March session, and the said 30th day of March, 1887; and that said board only pretended to be in session on the 30th day of March, pursuant to an adjournment order entered of record on the 16th day of March, 1887, at which time they were not in special session pursuant to any notice from the auditor of Rush county, or any other officer authorized by law to give such notice; that no notice whatever was served or given to the members of said board, or to a majority of said members, to meet in special session on the 30th day of March, or any previous day, between the end of the regular session, and the said 30th day of March, at which time the petition of M. Sexton, and others herein set out, was presented to said board, and the order made by said board ordering the election in said Rushville township, appropriating the sum herein set out to the Cincinnati, Wabash and Michigan Railway Company.

"Second—That the pretended proceedings above set

out of date, June the 17th, 1890, are null and void, for the reason that the said commissioners' court of said county was not on said day either in regular or special session, and the proceedings so had on said day are null and void ; and the auditor had no authority to compute or charge against this plaintiff or his property the said tax so by him afterwards done, or any part thereof ; nor has the treasurer any authority in law to enforce the collection thereof, against him or his said property or any part thereof."

The principal contentions of appellant, and the only ones which we deem necessary to set out in this opinion, are as follows :

"First—Where the members of a tribunal, such as the board of· commissioners in this State, may convene in session upon notice from a ministerial officer, and they do assemble in session and transact business as if convened in due form of law, their judgments are not void.

"Second—Where there is authority to convene upon notice, and the sessions of the tribunal are not confined to times fixed by positive law, the tribunal in convening in session necessarily adjudicates upon its own organization, its own authority to hold the session, as well as upon all other jurisdictional facts, and its judgment is not vulnerable upon a collateral attack, however erronous it may be.

"Third—The board of commissioners not only had jurisdiction of the general subject, but it had, also, exclusive original jurisdiction of the whole subject, so that its decision as to its authority to hold the special session is that of a permanent tribunal of exclusive original jurisdiction, and hence not vulnerable to a collateral attack.

"Fourth—The special session was held by rightful

members of the tribunal, and not by intruders and usurpers. And as there is no time fixed by law for holding special sessions, but such sessions may be held upon notice, the judgment of the board upon the validity of its session is conclusive.

"Fifth—That there is no equity shown in the action, and therefore no right to an injunction."

Upon the other side the learned counsel for appellee contend that the board of commissioners on March 30, 1887, when the petition in controversy was presented to that body, and also on June 17, 1890, when the tax was ordered to be placed upon the duplicate, was not in regular session nor in special session by virtue of section 5737, R. S 1881 (section 7822, R. S. 1894), and therefore their acts in the premises are void, and consequently the tax in question is a nullity, and the collection thereof should be enjoined.

It is evident, we think, that the theory of the complaint, when considered with reference to the first and second specifications, is that the orders of the board of commissioners, made and entered on March 30, 1887, and June 17, 1890, are null and void for the reason that no notice was given to the individual members of the board, by any of the officers mentioned in section 5737, *supra;* that they convened and assumed to act as a board of their own volition, and not otherwise; and that consequently the complainant was entitled to injunctive relief. It is firmly settled that the court will construe the complaint as proceeding upon the theory which is most apparent and most clearly outlined by facts alleged. *Batman* v. *Snoddy*, 132 Ind. 480 ; *Monnett* v. *Turpie*, 132 Ind. 482, and cases cited.

We must presume that the theory presented by the material averments of the complaint was the one upon which the cause was tried and determined, and from

that, in this court, neither party will be permitted to depart. With this view, we will consider the sufficiency of the complaint, together with its principal specifications in controversy. It may be conceded that, in this State, but two modes under the statute are provided for convening boards of commissioners. The first is in regular session at the time and place designated by section 5736, R. S. 1881, and section 7821, R. S. 1894. The second is in special session upon either a wrtiten or oral call, or notice, pursuant to sections 5737 and 5738, R. S. 1881, and sections 7822 and 7823, R. S. 1894. It has been held by this court—and we think properly so—that the notice provided for in the last section is not intended as notice to the public but is solely to the individual members of the board, and that it may be either oral or written. *White* v. *Fleming*, 114 Ind. 560.

It will be seen that section 4045, *supra*, expressly authorizes a petition for an appropriation in aid of the construction of a railroad to be presented to the board of commissioners, at any regular or special session thereof. By this statute exclusive original jurisdiction of the whole subject-matter appertaining to appropriations to be made to railway companies by way of taxation, is lodged, or vested, in the commissioners' court by the Legislature subject only to the law granting an appeal from its decision by a person "aggrieved."

While it is true that this tribunal which is purely of statutory origin, and is in its general character one of inferior and limited jurisdiction, possessing only power to act in such proceedings wherein jurisdiction is conferred upon it by the legislative department; and generally speaking the same presumptions are not indulged in its favor, as are in favor of a court of superior and general jurisdiction. By jurisdiction of the subject-matter is meant, jurisdiction of the class of cases to

which the particular one belongs. *Chicago and Atlantic R. W. Co.* v. *Sutton*, 130 Ind. 405. In the case at bar, as we have seen, the board of commissioners of Rush county had the exclusive original jurisdiction of the subject-matter of granting aid to railway companies by townships of that county; and it appears that this board at least assumed to and did make the orders which the appellee in this collateral proceeding now seeks to assail upon the ground that they are absolutely void. It follows, therefore, and we do so adjudge, that, the jurisdiction of the commissioners' court over the subject-matter thus appearing, the same presumptions of regularity attend all of its particular proceedings in controversy that attach to those of a court of general jurisdiction. It will therefore be presumed, in aid of the order upon a collateral attack against the same, that every fact necessary to its validity existed. The power to decide implies also the power to decide wrong as well as right. These principles of law are fully sustained by the following authorities: *Jackson* v. *Smith*, 120 Ind. 520; *Chicago, etc., R. W. Co.* v. *Sutton, supra*, and cases cited; Van Fleet Collateral Attack, pp. 874–875; *State, ex rel.,* v. *Wolever*, 127 Ind. 306; *Turner* v. *Conkey*, 132 Ind. 248 (17 L. R. A. 509); *Alexander* v. *Gill*, 130 Ind. 485; *McLaughlin* v. *Etchison*, 127 Ind. 474; *Bass* v. *City of Fort Wayne*, 121 Ind. 389; *Otis* v. *DeBoer*, 116 Ind. 531. The question which seems to be the test of jurisdiction is—Had the tribunal authority to act within range of the general subject? If it had, then there was jurisdiction. *Adams* v. *Harrington*, 114 Ind. 66; *Young, Tr.,* v. *Wells*, 97 Ind. 410; *Tollman* v. *McCarty*, 11 Wis. 20; *Colton* v. *Beardsley*, 38 Barb. 29.

The earlier decisions of this court, on this point, among which are the case of *Hord, Pros. Atty., etc.,* v. *Elliott,*

33 Ind. 220, and others cited by appellee, lay down a general rule which seemingly the court applied to orders and proceedings of boards of commissioners in each particular matter wherein exclusive original jurisdiction was conferred upon them. These decisions, we think, must be held and deemed to be modified and distinguished in the latter cases to which we have refered. The principle that where a tribunal has jurisdiction of a general subject its determination that facts essential to jurisdiction exist, is conclusive as against a collateral attack, has been asserted and enforced by this court in many cases, and has been held to apply to the acts of common councils as well as to boards of commissioners. See *City of Indianapolis* v. *Consumers Gas Trust Co.*, 140 Ind. 107 (27 L. R. A. 514), and authorities there cited. The case of *White* v. *Fleming, supra,* was an action to enjoin certain assessments made by the board of commissioners for the improvement of a highway, and the contention in that cause was that the commissioners were not convened as authorized by law. This court in its opinion said : "It is alleged in the second paragraph of the complaint, that the board of commissioners came together of their own motion." And in the closing part of its opinion further said :

"If the plaintiff felt himself aggrieved by any of the subsequent orders or proceedings by or before the county board, in the prosecution of the proposed improvement, our laws gave him a complete and adequate remedy for his grievances by providing for an appeal from such orders or proceedings to the circuit court of the county.

"In his complaint herein, and in each paragraph thereof, which were filed more than two years after the filing of the petition mentioned therein, and, as we may well suppose, after the proposed improvement was about completed, the plaintiff makes a collateral attack upon

the validity of the orders and proceedings of the county board, of which he complains. This suit cannot be maintained; for, however erroneous such orders and proceedings may have been, they were not void. Every reasonable presumption must be indulged here in the case under consideration, as in other cases of collateral attack, in the absence of averments clearly showing that the county board had no jurisdiction of the matters complained of or of the parties thereto, in favor of the validity of the orders and proceedings of such board.

\*        \*        \*        \*        \*        \*

"The complaint, in this case, and each paragraph thereof, were clearly insufficient, we think, whether challenged by demurrer below or by an assignment of error for the first time in this court."

In the case of *Anderson* v. *Claman, Treas.*, 123 Ind. 471, the action was commenced to enjoin the collection of a tax assessed for the construction of a free gravel road. The theory of the second paragraph of the complaint in this case was that the order of the board of commissioners adjudging that the improvement be made, and all subsequent proceedings thereto, were void, by reason of the fact that the board was not in regular session, neither had it been called in special session by the auditor, etc., upon any notice given. This court in its opinion in that case said:

"It is evident that the board of commissioners having been in session on the 23d day of June, 1884, and made an order relating to the construction of said turnpike, the board having jurisdiction of the parties and the subject-matter of the action, their orders were *prima facie* valid, and not subject to a collateral attack as in this case. If the validity of this order had been contested in an appeal taken from the final order and judgment of the board, a different question would be presented for

our consideration. The board of commissioners passed upon their right to sit and transact business, and made an order in the case, and such order so made cannot be attacked in a collateral proceeding."

The rule laid down by the cases last cited is supported by the decisions of this court, in *Jussen* v. *Board*, 95 Ind. 567; *State, ex rel.*, v. *Board, etc.*, 104 Ind. 123; *Board, etc.*, v. *Hall*, 70 Ind. 469.

In the case of *Board, etc.*, v. *Hall, supra*, which was an action to enjoin the collection of a railroad tax, Worden, J., speaking for this court, said:

"Now, it is manifest that, on the filing of a petition for such aid, one of the questions to be met and decided by the board is, whether the railroad company, in whose favor the aid is asked, is then duly organized under the laws of this State; for, unless such be the case, the board is not authorized to make the order granting the prayer of the petition.

"The filing of the petition calls into exercise the jurisdiction of the board, and authorizes that body to determine, not only whether the petition is properly signed by the requisite number of freeholders of the township, but every other fact necessary to the granting of the prayer of the petition, including the due organization, under the laws of this State, of the company in whose favor aid is asked.

"By making the order granting the prayer of the petition, the board must be taken to have decided that the company was such an one as was, under the statute, entitled to aid; and if, in this respect, it has committed an error, the decision is, nevertheless, binding and conclusive, unless appealed from, and cannot be attacked collaterally, as by injunction upon the collection of the tax. These principles are well established by the authori-

ties above cited upon the point, and by numerous others.

\*     \*     \*     \*     \*     \*

"Nor is there any hardship in this view of the question, as the tax-payer who has an interest in the matter decided, and is aggrieved by the decision, may appeal therefrom, and thus contest the question as to the due organization of the corporation."

The following decisions also are in harmony with, and fully support, the proposition under consideration. *Ballard* v. *Thomas*, 19 Gratt. 14; *State, ex rel.,* v. *Board, etc.,* 101 Ind. 69; *Maxwell* v. *Board, etc.,* 119 Ind. 20; *Smurr* v. *State,* 105 Ind. 125, and the many cases therein collated. See also *Pittsburg, etc., R. W. Co.* v. *Harden, etc.,* 137 Ind. 486, in which several of the identical propositions involved in the case at bar are decided adversely to appellee.

As heretofore said, the complaint was formulated by appellee upon the theory that the commissioners at the time in question came together on their own volition without notice from any officer designated by the statute. It also appears from the complaint, and the exhibits filed therewith, that all the members of the board were present at the place provided by law for their meeting, and at a time when they could have convened in special session, upon call, as these sessions are not definitely fixed by the statute. It must be at least presumed that they passed upon their right to sit as a board, at the time in controversy. The board determined its right at the time to act in a matter in which it had the exclusive original jurisdiction, and in which jurisdiction under the law might be exercised by it, at either a regular or special session. It made and caused to be entered in due form by the auditor, an order granting the prayer of the petition and fixing the time for the election. The election was held after due publication; and at the regular June

term, 1887, the result thereof was reported to the board and the tax in controversy levied and the collection thereof suspended until further order. The matter then rested until June 17, 1890, when upon it appearing to the board that the railroad company had made a large expenditure of money in the building of the road in Rush county, and that the same was being pushed to a speedy completion, the order of suspension was set aside and the tax ordered to be collected. The very fact of the board coming together at a time and place, when and where a special session might be held implied an assertion of right to hold it. The petitioners when they presented their petition found this tribunal convened and acting under a claim of authority so to do. It was upon any view at least a *de facto* court, if not *de jure*, sitting and exercising duties under color of right, and its acts ought to, under the facts in this case, be protected against a collateral attack. *Case* v. *State*, 5 Ind. 1 ; *Creighton* v. *Piper*, 14 Ind. 182 ; *Smurr* v. *State, supra; Brown* v. *O'Connell*, 36 Conn. 432 ; *Venable* v. *White*, 2 Head (Tenn.), 582 ; *Bouldin* v. *Ewart*, 63 Mo. 330 ; *Rogers* v. *Loop*, 51 Iowa 41.

Tested by the rule laid down and the principles enunciated in the authorities which we have cited, to the reason and logic of which we feel bound to yield, it follows, that the complaint, and each and all of its specifications in question, must be held to be insufficient to entitle the appellee to equitable relief. Again, upon another view of the case, we think the complaint is not sufficient, for the reason that it is in many respects devoid of equity. Where a litigant seeks to assail by injunction, proceedings which are alleged to be invalid, he must also show by his complaint that he is entitled to equity.

The general rule, as laid down by the authorities, is that where one invokes the aid of a court of equity, in a

case of this character, it must appear from the facts that to execute the judgment sought to be enjoined, would be against good conscience.   The appellee rested until February 16th, 1891, as it appears, before he took any steps to object to the proceedings of the commissioners, and then after waiting for over three years, and until the railroad company, in consideration of the donation, had expended money and time in the construction of the road, and had acquired rights,  he seeks relief in a court of conscience, where the laches of a suitor are never favored, but always discouraged.   Admitting that the infirmity of the board's jurisdiction as it appears from the allegations of the complaint could be assailed collaterally, the complaint, however, considered as an entirety, does   not,   we   think,   show   a   clear   equity   in favor of appellee.   See *Stokes* v. *Knarr*, 11 Wis. 407 ; 2d Story Eq. Jur., section 898 ; *Williams* v. *Hitzie*, 83 Ind. 303 ; *Woods* v. *Brown, Guar.*, 93 Ind. 164 ; *Lininger* v. *Glenn*, 33 Neb. 187 ; *Wilson* v. *Shipman*, 34 Neb. 573, 52 N. W. R. 376 ; *Hamer* v. *Sears*, 81 Ga. 288 ; High Inj., section 125 ; Beach Modern Eq., section 659 ; *Palmer* v. *Stumph*, 29 Ind. 329 ; *Ricketts* v. *Spraker*, 77 Ind. 371 ; *City of Logansport* v. *Uhl*, 99 Ind. 531 ; *Vickery* v. *Board, etc.*, 134 Ind. 554 ; *Chamberlain* v. *Lyndeborough*, 64 N. H. 563 ; 10 Am. and Eng. Ency. of Law, 802.   Appellee also, as a person "aggrieved," had an adequate legal remedy granted to him by appeal.   *Gavin* v. *Board, etc.*, 81 Ind. 480 ; *Jussen* v. *Board, etc., supra; Board, etc.,* v. *Montgomery*, 106 Ind. 517.   Where a party has an adequate remedy by appeal, he cannot invoke the extraordinary one of injunction.   A party may even appeal from a void judgment and secure a judicial declaration of its invalidity by invoking the aid of the appellate court.   *Louisville, etc., R. W. Co.* v. *Lockridge*, 93 Ind. 191, and cases

cited ; *Board, etc.,* v. *Logansport, etc., Grav. Road Co.,* 88 Ind. 199 ; Elliott App. Proced., 110.

It is not insisted by appellant, nor do we so decide, that a court may hold a term in defiance of law. No law was violated, for there is none definitely fixing a time for special sessions of boards of commissioners.

We must not be understood as holding that in no event can a void judgment be collaterally impeached, but we confine our decision to the facts presented in this case.

It follows from the conclusion reached, that the court erred in overruling the demurrer to the complaint and to each specification thereof.

The judgment of the general term affirming the one of the special term is reversed, at the cost of appellee, and the cause is remanded to the trial court, with instructions to sustain the demurrer to the complaint and to each specification thereof, and vacate the judgment and decree, and for further proceedings in accordance with this opinion.

Filed April 2, 1895 ; petition for rehearing overruled October 18, 1895.