The Toledo, St. Louis & Kansas City Railroad Company v. Cosand.

No. 684.

THE TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD COMPANY
v. COSAND.

RAILROAD.—*Right of Way.*—*Deed.*—*Covenant which Runs with the Land.*—*Easement.*—*Agreement of Company to Fence, etc.*—Where a railroad company, in consideration of a grant of a right of way, covenanted in the deed to keep the road fenced along said grant, to put in cattle-guards and wagon crossings whenever demanded, and to make a certain wagon and stock passage-way under the road, such covenant is one which runs with the land, and is binding upon immediate and subsequent grantees, and such covenant passes to the immediate and remote grantees of both the easement and the fee simple of the land.

SAME.—*Right of Way.*—*Evidence.*—*Breach of Covenant to Fence, etc.*—*Damages.*—In an action for damages against a railroad company for a breach of a covenant to fence its road, make passage-ways, etc., the testimony of the plaintiff that she was unable to use the passage-way, and as to the character and condition of the soil of her land, was competent evidence; and the company would be liable, although the breach of the covenant was occasioned by the tortious acts of an independent contractor.

INSTRUCTIONS TO JURY.—*Not Properly Signed.*—*Covered by Others Given.*—*Refusal to Give.*—It is not error to refuse to give an instruction when not properly signed, neither is it error to refuse to give an instruction which is fully covered by other instructions given.

ASSIGNMENT OF ERROR.—*Matters not Assigned not Considered.*—Rulings properly objected to but not assigned as error will not be considered.

From the Howard Circuit Court.

*S. O. Bayless* and *C. G. Guenther*, for appellant.

*J. F. Morrison, J. E. Holman, J. C. Blacklidge, C. C. Shirley* and *B. C. Moon*, for appellee.

REINHARD, C. J.—The complaint in this action was originally in two paragraphs. The plaintiff dismissed as to the first paragraph, the cause was put at issue, there was a trial by jury, and a verdict in favor of appellee. In the brief of appellant's counsel, there is some discussion as to the averments of the first paragraph of the complaint, and questions which might arise thereunder in

the evidence, but this was done under the evident apprehension that the paragraph was in the record. The completion of the record by the return to the *certiorari* eliminates that paragraph from the transcript, and consequently that portion of the appellant's brief which has reference to it must be disregarded.

The appellee and seven others, who were tenants in common of the real estate described in the second paragraph of the complaint, conveyed to the Frankfort & Kokomo Railroad Company the right of way for a railroad across said real estate, and it is admitted that this deed was duly recorded. The company built the road and executed to other parties a mortgage on its track, right of way, and franchises. Subsequently the road was conveyed to and owned for a time by another company, and in June, 1886, the appellant became the owner by purchase at sheriff's sale under a decree of foreclosure of said mortgage. The appellee has become the sole owner of the fee simple by conveyances from her co-tenants. The deed to the right of way contained a stipulation that the railroad company was to fence the road by the time the first train was run over it, and forever maintain the same; also, to put in cattle-guards and wagon crossings whenever demanded, and to make a wagon and stock passage-way under the road at some point in the bottom of Honey Creek.

This action was brought by the appellee against the appellant, for a breach of the contract contained in the deed of the right of way. It is alleged in the complaint that the appellant failed to maintain fences as agreed, and also failed to provide crossings and the wagon and stock passage stipulated for in the deed, by reason of which failures the appellee was damaged in various ways.

Appellant's counsel, in a general way, dispute the appellee's right to recover, for the reason that the appellant is not the same company that entered into the contract, and has not succeeded to the ownership of the road by

consolidation, but by purchase; and for the further reason that as the appellee owned but one-eighth of the land when the deed was made, she can not now maintain an action for an injury to the whole, and could, at most, recover but one-eighth of the damage done.

We are of the opinion that this position is untenable. The covenant embraced in the deed is one that runs with the land. It casts upon the immediate and subsequent grantees of the easement the burden of maintaining the fences and crossings, while the subsequent grantees of the fee simple, who take it with the burden of the easement, acquire all the rights and benefits that would have inured to the original grantor out of the easement, by reason of the conveyance to the first company. The covenant passes by assignment not only to the subsequent grantees of the easement, but also to those of the fee simple, and each set of grantees, when they accept the conveyance, take it with all the burdens and benefits annexed to it. The appellant, as the remote grantee of the easement, can enjoy the benefits thereof only by assuming also the corresponding burdens growing out of the grant; and the appellee who succeeded to the whole of the fee in the land acquired with it, as the owner of the servient estate, not only the burden created by the conveyance of the easement, but also the benefits intermixed with it. It seems to us that this proposition is too well established to need the citation of any authorities. See, however, *Lake Erie, etc., R. R. Co.* v. *Priest*, 131 Ind. 413, 31 N. E. Rep. 77; *Scott* v. *Stetler*, 128 Ind. 385; *Midland R. W. Co.* v. *Fisher*, 125 Ind. 19.

Error is predicated on the admission in evidence, over appellant's objection, of a letter written by one John C. Clark, an alleged employe of the appellant, to the appellee Mary Cosand. As this ruling was not assigned as a cause for a new trial, no question is presented as to its correctness.

It is further insisted that there was error in the introduction in evidence over appellant's objection of the deed containing the covenant for the alleged breach of which this action was brought. The reason assigned for this supposed error is that the present company is not bound by the agreement. We have already decided to the contrary.

The appellee was a witness in her own behalf. She was asked by her counsel whether or not in the summer of 1887 she used a certain blue grass pasture on her land, to which she answered that she did not. The testimony was objected to by appellant, and the objection overruled. In this there was no error. If by the appellant's failure to keep up the fences and crossings, she was deprived of the use of her pasture, it was an element of damage for which she had a right to recover. *Louisville, etc., R. W. Co.* v. *Sumner,* 106 Ind. 55.

Whether the loss of pasturage was owing to appellant's failure to fence was a question for the consideration of the jury. For similar reasons, it was proper for the appellee to testify that she was unable to use the passage-way, and as to the character and condition of the soil of her land. A knowledge of these things was proper for the jury in arriving at the correct amount of damages by reason of loss of crops or pasturage.

The appellant's defense was that the damage complained of was occasioned by the acts of the agents and servants of one Kunland, an independent contractor, who, in reconstructing the road, had the fences removed, etc. The theory of the complaint was that the injuries resulted from the failure of the appellant to maintain fences and crossings as stipulated in the deed. There was evidence to sustain this theory. The court instructed the jury that the appellee's damages must be limited to such as were sustained by reason of the appellant's failure to

keep up the fences and crossings, and none could be assessed for the **tortious** acts of the independent contractor.

The court rendered judgment on the verdict, and we see no reason for disturbing it on account of a failure of evidence.

Lastly, the appellant complains of instructions given and refused. Those given contained correct statements of the law as applied to the evidence. Those requested and refused were not signed by the appellant's attorney, and for this reason alone there was no available error in their rejection. *Sutherland* v. *Hankins*, 56 Ind. 343. But the instructions were rightly denied for the reason that in so far as they stated the law they were fully covered by those given by the court on its own motion.

No other questions are presented.

Judgment affirmed.