## STATE OF INDIANA, EX REL. STEINER, TRUSTEE, v. FISCUS ET AL.

[No. 21,864. Filed May 20, 1914.]

1. OFFICERS.— *Township Trustee.— Unlawful Expenditures.— Action on Bond. — Answer. —* In an action on the bond of an extrustee for the alleged misappropriation and unlawful expenditure of the township's funds, an answer alleging that the money was expended in payment of legal indebtedness of the township, that the expenditure from each fund was for indebtedness chargeable to such fund, specifying the things and services paid for, and alleging that they were of the full purchase price, and were proper and necessary for the use of the civil and school township, which received and retains the entire benefit thereof, and that no part of the money· that came into his hands was in any way converted to his own use, was sufficient to withstand a demurrer. p. 668.

2. PLEADING.—*Demurrer to Counterclaim or Set-off.—*A demurrer to a counterclaim or set-off must be the same in form as a demurrer to a complaint, hence the sufficiency of a counterclaim or set-off is not challenged by a demurrer assigning that it does not "state facts sufficient to constitute a cause of defense to plaintiff's complaint." p. 669.

From Owen Circuit Court; *William E. Deupree,* Special Judge.

Action by the State of Indiana, on the relation of George P. Steiner, Trustee of Jefferson Township, Owen County, against Frank Fiscus and .others. From a judgment for defendants, the relator appeals. *Affirmed.*

*I. H. Fowler* and *Elliott & Cauble,* for appellant.
*Willis Hickam* and *E. E. Pryor,* for appellees.

ERWIN, J.—This was an action by appellant, State of Indiana, on the relation of George P. Steiner, Trustee of Jefferson Township, Owen County, against Frank Fiscus, extrustee of said township, and his bondsman, for the recovery of money alleged to be due said township from appellee, Fiscus. The complaint is in three paragraphs, each substantially alleging the same facts, and averring that the appellee, Fiscus, as trustee had misappropriated and con-

verted to his own use, funds belonging to the township and that he had expended without authority of law large sums of money, and that he had illegally overdrawn the several funds, belonging to said township to the sum of $1,848.69. An answer was filed, containing five paragraphs, of which the first and second were withdrawn. A demurrer to the third, fourth and fifth paragraphs was overruled, which rulings are assigned as error in this court. The constitutionality of the act of March 7, 1911 (Acts 1911 p. 693), is sought to be questioned in this court. However, under the conclusion reached, we are not required to pass upon the legality of that act.

The third paragraph of answer was filed by all of the defendants, and alleges, among other things, that the money for which a recovery is sought in the complaint, was

1.   expended by the trustee in payment of legal indebtedness of said township; and the indebtedness chargeable against each fund was paid therefrom; that all the money was expended in paying for services of school teachers, duly licensed and employed; for necessary repair and improvement of highways and bridges; the purchase of necessary property and supplies for schools and various other things; for service alleged to have been lawful and necessary; that all the things and services paid for, were of the full purchase value, and were proper and necessary for the use of the civil and school township; and that the latter received and retains the entire benefit thereof; and that no part of the money that came into his hands was directly or indirectly converted to his own use. The answer fails to aver that the township advisory board ever made any appropriations of the funds by him expended. The answer is the substantial equivalent of that of the sureties in the case of *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 99 N. E. 102, 111, which was held sufficient, by this court, and on the authority of that case we hold that the court

did not err in overruling appellant's demurrer to the third paragraph of answer in this case.

The appellee Fiscus, filed a fourth paragraph of answer, which was by way of counterclaim, and a fifth paragraph, which was by way of set-off. The appellant filed a

2. demurrer to each paragraph on the sole ground that it does not "state facts sufficient to constitute a cause of defense to plaintiff's complaint." It has been held repeatedly by this court that a demurrer to a paragraph of counterclaim or set-off must be the same in form as a demurrer to a complaint. *Duffy* v. *England* (1911), 176 Ind. 575, 584, 96 N. E. 704, and cases cited. It follows that neither the fourth nor fifth paragraph was challenged by appellant's demurrer.

There being no error in the rulings of the court, the judgment is affirmed.

## DISSENTING OPINION.

MYERS, J.—We are required to consider this cause without regard to the provisions of the act of 1911 (Acts 1911 p. 693) and in so doing, I am unable to concur in the view that the question here presented is the same as in *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 99 N. E. 102, 111, as a matter of practice. That was held to be an action in equity by a taxpayer, in analogy to a stockholder in a corporation. Here is a strict action at law, and while it is conceded that ordinarily an equitable defense may, under the code, be pleaded in an action at law, I am forced to believe that it cannot be so under the special, and later act known as the township advisory board act, for the reason pointed out in the dissenting opinion in the Miller case: that the effect would be to nullify the provisions of that act, and the views there expressed apply with even greater force here than in that case, *unless* it be, that that act is not to be taken literally, and independently, but should be construed as modified by other principles of law, and equity. Viewed in that light, it may be a fair construction of the act to hold

that the breaches of the bond alleged, make a *prima facie* case of conversion, and put upon the officer the burden of establishing the fact that the expenditure was without fraud, and not prohibited by statute; and that the articles were necessary; and that the municipality received the benefit; and that the prices paid were fair, and without personal profit; that the advisory board act was not intended to be restricted in its force, and operation, by the act of 1911, is apparent from its provisions being applicable only to past acts, but on the view here suggested, the answer may be good, at law, but in my judgment the Advisory Board Act creates an exception to the rule allowing an equitable defense in an action at law, and that the rule that equity follows the law in a case at law, applies, and that the law prohibits this defense, however harsh it may be, and this view is enforced by the provisions of the act of 1911 applying to *past* transactions only, showing the legislative understanding, and the intent of both acts, and to hold otherwise is to repeal the original act, and to nullify the law. If it is too harsh and unyielding, as it may be, it should be corrected by the legislature, and not by this court.

Cox, J., concurs in this opinion.

NOTE.—Reported in 105 N. E. 230, 231. As to what a surety on official bond is liable for, see 91 Am. St. 497. See, also, under (1) 29 Cyc. 1467; (2) 31 Cyc. 305.