## UNION TRACTION COMPANY OF INDIANA *v.* THOMPSON.

[No. 8,956. Filed February 25, 1916.]

1. DEEDS.—*Covenants Running With Land.—Maintenance of Fences.* —Provisions in deeds to maintain fences are covenants running with the land. p. 185.
2. RAILROADS.—*Interurban.—Fencing Right of Way.—Statutes.— Contracts.*—There is no duty resting on an interurban railroad company to maintain fences along its right of way, save as imposed by §5707 Burns 1914, Acts 1903 p. 426, expressly providing that it

does not change any existing contract; hence, the covenant in a conveyance made in 1901 to an interurban railroad company binding grantor to maintain a fence along defendant's right of way, precluded plaintiff, who was a tenant of one to whom such grantor conveyed the remainder of his land, from recovering damages against such railroad company for stock killed, on the theory that it was negligent in failing to keep the fence in repair. p. 185.

3. RAILROADS.—*Animals on Tracks.—Liability for Injury.—Statutory Provisions.—Interurban Railroads.*—Sections 5436-5443.Burns 1914, Acts 1863 p. 25, Acts 1877 [s. s.] p. 61, relating to the liability of railroads for the killing of stock on their tracks, and §§5447-5450 Burns 1914, Acts 1885 p. 224, relating to the fencing of railroads, have no application to interurban railroads, and all legislation having application to interurban railroads expressly so states. p. 185.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Action by Robert S. Thompson against the Union Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Kittinger & Diven* and *J. A. Van Osdol,* for appellant.

*Albert H. Vestal,* for appellee.

IBACH, C. J.—This action was to recover damages for two cows alleged to have been injured by appellant's car because of appellant's negligence in failing to keep in repair the fence between its right of way and the lands of appellee's landlord. The cause was tried on an agreed statement of facts which showed that the fence was out of repair, to appellant's knowledge; that the former owner of the land had conveyed in 1901 by a deed which was of record, certain land to appellant upon condition that appellant was to construct a good substantial woven wire fence on the east line of its right of way, which the grantor bound himself, his heirs and assigns to maintain; that appellant constructed a good substantial fence; that appellee, who was a tenant of the then owner of the land, did not know of

the agreement that the owner's grantor had made for the maintenance of the fence. There was an agreement that the cows got on the track because the fence was out of repair, and were injured by appellant's car, and that appellee was damaged in the sum of $95. Judgment was rendered for appellee. Provisions in deeds to maintain fences are covenants running with the land. *Hazlett* v. *Sinclair* (1881), 76 Ind. 488, 40 Am. Rep. 254; *Toledo, etc., R. Co.* v. *Cosard* (1893), 6 Ind. App. 222, 33 N. E. 251; *Midland R. Co.* v. *Fisher* (1890), 125 Ind. 19, 24 N. E. 756, 21 Am. St. 189, 8 L. R. A. 604; *Lake Erie, etc., R. Co.* v. *Priest* (1892), 131 Ind. 413, 31 N. E. 77. Therefore, the duty to maintain the fence along appellant's right of way passed to appellee's landlord with the conveyance of the land to him.

There is no duty resting on an interurban railroad company to maintain fences along its right of way, save as imposed by the act of 1903. Acts 1903 p. 426, §5707 Burns 1914. This statute expressly provides that it does not change any existing contract. It appears from the statement of facts that the contract for the building of the fence by appellant and its maintenance by the grantor of appellee's landlord, and such grantor's heirs and assigns, was made in 1901. Since the duty of maintaining the fence along the right of way was on appellee's landlord, and not on appellant, it follows that appellee has no right to recover damages from appellant for stock killed on its right of way, on the theory that appellant was negligent in failing to keep the fence in repair. The acts of 1863 and 1877 (Acts 1863 p. 25, Acts 1877 [s. s.] p. 61, §§5436-5443 Burns 1914, relating to the liability of railroads for the killing of stock on their tracks, and the act of 1885 as to the fencing of rail-

roads (Acts 1885 p. 224, §§5447-5450 Burns-1914), apply only to steam railroads, and not to interurban railroads. As said in the case of *Hughes* v. *Indiana Union Traction Co.* (1914), 57 Ind. App. 202, 105 N. E. 537, "Every privilege conferred and every duty imposed on interurban railroads has been by legislative enactment, although in most instances kindred privileges and kindred duties had prior thereto been conferred on steam railroads. In every act of the legislature where it is intended that the privileges extended or duties imposed upon steam railroads shall apply alike to interurban or street railroads, it has been so stated."

The decision of the court was contrary to law, and appellant's motion for new trial on that ground should have been sustained. Judgment reversed.

NOTE.—Reported in 111 N. E. 648. As to covenants, in respect to fencing, running with the land, see 82 Am. St. 677. As to whether covenant running with land may be created by acceptance of deed poll with stipulations purporting to bind grantor, see 6 L. R. A. (N. S.) 436. As to right of action against railroad company for violation of statutory duty to fence right of way, see 9 L. R. A. (N. S.) 347. See, also, under (1) 11 Cyc 1090; (2) 33 Cyc 1174.