116    APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Combs—67 Ind..App. 116.

TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION
COMPANY *v.* COMBS ET AL.

[No. 9,528.    Filed March 14, 1918.]

1. RAILROADS.—*Interurban Railroads.—Killing Stock.—Action.—
Complaint.—Sufficiency.*—In an action against a railroad com-
pany to recover for live stock killed on its right of way, a com-
plaint showing a contract between plaintiff and defendant rail-
road under which the latter, in consideration of a grant of a
right of 'way, agreed to construct and maintain two crossings
and cattle guards at such points as plaintiff should designate,
that defendant constructed them but neglected and refused to
keep the cattle guards in repair, so that they would turn stock
and prevent it from getting on the right of way, and that, with-
out fault on the part of plaintiff, his cows, in going over one of
the crossings, strayed over and across the cattle guard and were
killed, states a cause of action.    p. 118.

2. RAILROADS. — *Interurban Railroads. — Killing Stock. — Entry
Through Gate.—Liability.*—Under §5712 Burns 1914, Acts 1903
p. 426, requiring an abutting landowner, when an interurban
railroad is fenced at a point where a private way is constructed
across it, to erect and maintain a gate across the way and to
keep it fastened and closed when not in use by him, where an
abutting owner's cattle pushed a gate in the fence open, came
on the private crossing and then passed over the cattle guard,
which the railroad company had contracted to maintain, onto
its tracks, and were killed by its car, the railroad was not liable,
unless guilty of negligence.    p. 119.

From Clinton Circuit Court; *Braden Clark,* Special
Judge.

Action by John E. Combs and others against the
Terre Haute, Indianapolis and Eastern Traction
Company. From a judgment for plaintiffs, the de-
fendant appeals.    *Reversed.*

*Sheridan & Gruber* and *W. H. Latta,* for appellant.
*John W. Strawn* and *William Robison,* for appel-
lees.

IBACH, C. J.—This is a suit upon contract. The issues here involved were formed by a complaint in two paragraphs and answer in general denial. There was a trial by jury and verdict for appellees.

The errors assigned call in question the overruling of appellant's demurrer to the first and second paragraph of complaint, and the overruling of its motion for a new trial.

The contract which is the basis of the action was entered into by appellee John E. Combs and appellant's predecessor on January 27, 1903, which it will be observed was just before the statute (Acts 1903 p. 426, §5707 Burns et seq. 1914) relating to the fencing of interurban railroads was enacted, and prior to the construction of the road in question. The provisions of such contract, so far as material to this discussion, are in substance as follows: For the consideration therein named it was agreed that Combs was upon demand to execute and deliver to appellant's predecessor, its successors and assigns, a proper deed of conveyance for a right of way, and that "said traction company shall construct, keep up and maintain two crossings and cattle guards at such points as said Combs may designate for his use, also to construct, keep up and maintain a substantial American woven wire fence on either side of said right of way."

The charging part of the first paragraph is in substance that appellee Combs did execute said instrument required of him, and appellant's predecessor "entered upon and constructed said right of way, and constructed said private crossings as therein agreed, and constructed cattle guards on either side of said private crossings to keep the stock of plaintiff from straying onto its said right of way from said private

crossings.'' That appellant has wholly neglected, failed and refused to keep said cattle guards in repair so that the same would turn stock and prevent said stock from getting upon said right of way. On October 1, 1913, two cows, the property of these plaintiffs, of the value of $150, through no fault or negligence of these plaintiffs, in passing over and across one of said driveways strayed over and across the cattle guard at said private driveway and crossing, and wandered upon the right of way and the tracks of appellant, and while upon said tracks and right of way and not upon the track or right of way at and within the limits and bounds of said private crossing and driveway a car of appellant struck and killed said two cows, to plaintiffs' damage in the sum of $150. The charge in the second paragraph of complaint is essentially the same. As the objections urged against the sufficiency of the first and second paragraphs are the. same, they will be considered together. Such objections are in brief: That neither of said paragraphs shows how the cattle came upon the private crossing or that they were rightfully there; that it is not shown that appellant owed plaintiff any duty to protect him against injury or to maintain the cattle guards therein mentioned in such repair as to prevent cattle passing over the same from a private crossing.

As heretofore shown, each of said paragraphs shows the existence of a contract between appellee Combs and appellant's predecessor in which it is agreed as part of the consideration of the grant of the right of way that said company ''shall construct, keep up and maintain two crossings and cattle guards at such points as said Combs may designate for his use''; that its predecessor did construct said private crossings and cattle guards, but

that appellant, its successor, has wholly neglected, failed and refused to keep said cattle guards in repair so that the same would turn stock and prevent said stock from getting upon the right of way; that without fault on the part of the plaintiff two cows strayed over and across one of said cattle guards and were killed by one of appellant's cars.

Each of said paragraphs states a cause of action, and therefore the court did not err in overruling the demurrers thereto. *Indianapolis, etc., Traction Co.* v. *Smith* (1908), 42 Ind. App. 605, 86 N. E. 498.

Under its motion for a new trial it is urged by appellant that the evidence is insufficient to sustain the verdict, and that the court erred in the giving or refusal of certain instructions.

With the exceptions herein noted, there is evidence tending to support the material averments of the complaint, but it also shows that after the 2. agreement was entered into appellee Combs placed a gate at the private crossing, which he maintained until his stock was killed, and still maintains; that on the night in question his cattle pushed the gate open and came upon the private crossing and thence passed over the cattle guard furnished by the traction company onto its right of way. The effect of such evidence presents one of the controlling questions in this appeal. In this connection it is contended by appellant that the contract did not bind the traction company to maintain cattle guards sufficient to turn stock.

At the time the contract in question was entered into there was no statute in this state requiring interurban railroads to fence their right of way. *Union Traction Co.* v. *Thompson* (1915), 61 Ind. App. 183, 111 N. E. 648. As above indicated, in March, 1903,

a statute was enacted requiring interurban railroads, traction lines or suburban railroads using electricity for motive power to fence their rights of way used for railroad tracks, to construct barriers and cattle guards at public roads and highway crossings, maintain and keep the same in repair, and providing for the construction of farm crossings. It is expressly provided that it shall not affect or change any existing contract with reference to the building or maintenance of any fence along any such railway. *Indianapolis, etc., Traction Co.* v. *Smith, supra.* Section 6 of said act, *supra,* provides: "When such railroad is fenced on one or both sides at the point where such way is constructed such abutting land-owner shall erect and maintain substantial gates in the line of such fence or fence's across such way, and keep the same securely fastened and closed when not in use by himself or his employes."

This particular section of said act was construed by this court in the case last cited, and it was there held under facts very similar to the present case, that the construction given §5451 Burns 1908 (relating to steam roads) should control the construction of §6 (§5712 Burns 1914), *supra,* and that an interurban railroad company is not liable for the injury or killing of animals that enter upon its tracks by passing through a gate constructed and maintained by the landowner, unless such company is guilty of negligence.

No negligence is alleged or proved in this case; therefore appellee has failed to establish the violation of any duty owing from appellant.

Without discussing the instructions separately, it is sufficient to say that the instructions given which, in effect, told the jury that appellant was liable in

the absence of negligence were erroneous. Other instructions tendered by appellant announcing the correct rule were refused, and this was likewise error.

For the error in overruling appellant's motion for a new trial the judgment is reversed.

Judgment reversed.

NOTE.—Reported in 118 N. E. 976. Railroads: liability for injury to stock by reason of leaving gate open, 49 L. R. A. 625; duty to maintain and keep in repair fences and cattle guards, 36 L. R. A. (N. S.) 997, L. R. A. 1915B 134, 21 Am. St. 289. See under (2) 33 Cyc 1209.