PONSLER *v*. UNION TRACTION COMPANY OF INDIANA.

[No. 11,037.  Filed November 15, 1921.]

1. RAILROADS.—*Deed for Right of Way.—Covenants Running with the Land.—Agreement as to Erection and Maintenance of Fence.*—A provision in a deed to a traction company for a right of way that grantee should erect a fence which the grantee agreed to maintain, is a covenant running with the land.  p. 617.

2. RAILROADS.—*Landowner's Agreement to Maintain Fence.— Construction.—Duty to Rebuild.*—Where, prior to the enactment of §5707 Burns 1914, Acts 1903 p. 426, requiring interurban railroad companies to fence their right of way and saving rights under existing contracts as to fences, a landowner had deeded to defendant's predecessor in title a right of way with a covenant that grantee should erect a substantial fence which grantor agreed to "maintain," plaintiff, a tenant of a subsequent owner of the land through which the right of way was granted, cannot recover from defendant for killing a cow escaping through the fence, which had become so decayed that it could not be effectually repaired except by rebuilding it, as the duty of maintaining the fence was on the landowner and not the defendant, the word "maintaining," as used in the deed, meaning to rebuild or reconstruct.  p. 617.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Orin Ponsler against the Union Traction Company of Indiana.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*Cassius M. Gentry* and *Frank S. Campbell,* for appellant.

*J. A. Van Osdol* and *Thomas E. Kane,* for appellee.

MCMAHAN, J.—This is an action to recover damages for the death of a cow which escaped through a fence and on to the right of way of appellee, where it was killed by one of appellee's cars.  Appellee owns and operates an electric interurban railroad.  Appellant is a tenant on a certain tract of land through which appellee's road runs.  In 1901, appellee's predecessor in title by deed from the then owners secured a right of way through said land.  This deed provided that the

grantee should "erect and build a good substantial farm wire fence with cedar posts on the west side of the strip of land herein conveyed, the grantor agreeing to maintain the same when so built." It also provided that the railroad company should build a substantial plank crossing over its line of railway and maintain the same at a point to be designated by the landowner. The grantee in said deed upon the completion of its railway erected and built a fence as called for by the terms of the deed. This fence was out of repair and worn to such an extent that at the time when appellant's cow passed onto appellee's right of way, it was insufficient to keep stock from entering upon said right of way, and was so far decayed that it could not be effectually repaired.

The provisions in said deed for the erection and maintenance of the fence are covenants running with the land. When this deed was made there was no
1. duty resting on an interurban railway company to erect or maintain fences along its right of way. It was not until 1903, that such a duty was imposed upon such companies. Acts 1903 p. 426, §5707 Burns 1914. One of the provisions of this statute is that it shall not affect or change any existing contract relative to the building or maintaining of any fence along any such railway.

The liability or nonliability of appellee depends upon the construction of the agreement in the right of way deed heretofore referred to. Appellant con-
2. tends that he is not a party to that agreement and therefore is not bound by its provisions. But the covenant to maintain the fence runs with the land and was binding on appellant's landlord. The Supreme Court, in referring to the statutes requiring steam railroads to erect and maintain fences along their right of way, has said: "Construing those statutes, it was held that where a person through whose land a railway was

constructed, agreed to build and maintain fences along the right of way, the road would, as to him, be regarded as fenced, and that if he failed to build and maintain such fences, and his animals passed to the track and were killed, he could not recover from the railway company on the ground that it had not fenced its track as required by the statute." *Hunt* v. *Lake Shore, etc., R. Co.* (1887), 112 Ind. 69, 13 N. E. 263. Appellant contends that the word "maintain" as used in the deed did not require his landlord to rebuild the fence; that neither appellant nor his landlord was bound to rebuild or reconstruct the fence after it had fallen into such a state of decay that it could not be repaired and that the word "maintain" does not mean rebuild or reconstruct.

We cannot agree with this contention. True, the word "maintain" does not always mean to provide or to construct as defined by lexicographers, but may mean to keep up, to keep from change, to preserve. *Louisville, etc., R. Co.* v. *Godman* (1886), 104 Ind. 490, 4 N. E. 163. It has been construed to require a fence to be rebuilt as well as repaired. *Rhodes* v. *Mummery* (1873), 48 Ind. 216. The Century Dictionary defines the word "maintain" as follows: "To hold in an existing state or condition; keep in existence or continuance; preserve from lapse, decline, failure or cessation; keep up." When the deed in question was made, interurban roads were not required to fence their right of ways. At that time it was the duty of the owner of the land through which the road ran, if he wished to prevent his stock from being injured by getting on the right of way, to see that fences were erected for that purpose. That being the condition of the law when the deed was made, it is clear that the agreement must be construed to mean that the railroad company was to construct the fence along its right of way and that thereafter the land-

owner was to hold or keep it in its then existing condition, and preserve it from lapse, decline, failure and cessation. He was to keep it up as a substantial fence. We hold that if the fence in question had so far decayed that it could not be effectually repaired except by rebuilding it anew, it was the duty of the landowner and not of appellee to rebuild it. And since the duty of maintaining the fence was on appellant's landlord, and not on appellee, appellant has no right to recover damages from appellee for stock killed on its right of way, on the theory that appellee was negligent in failing to keep the fence in repair. *Union Traction Co.* v. *Thompson* (1916), 61 Ind. App. 183, 111 N. E. 648; *Indianapolis, etc., R. Co.* v. *Petty* (1865), 25 Ind. 413.

Judgment affirmed.