STOVER *v.* HARLAN ET AL.

[No. 12,631.   Filed January 27, 1927.   Rehearing denied May 17, 1927.   Transfer denied April 5, 1928.]

*John W. Whicker* and *Legrand B. Whitehall,* for appellant.

*Lucas Nebeker* and *Courtney W. Dice,* for appellees.

NICHOLS, J.—Action by appellant to have a contract or agreement recited in a deed declared to be null and void by its own terms, and to quiet title to the land described therein.

The complaint is in two paragraphs.   Appellee filed

a separate demurrer to a part of the first paragraph reciting the last clause of the contract contained in the deed, which demurrer was sustained by the court. Appellees then filed their answer to the complaint, and a counterclaim. Appellant filed a demurrer to the answer, which was overruled. Appellant also filed a demurrer to the counterclaim, which was overruled, and appellant refusing to plead further, the court rendered judgment for appellees.

Errors relied on for reversal are: (1) The court erred in sustaining appellee's demurrer to a part of the first paragraph of complaint; (2) in overruling appellant's demurrer to appellee's answer; (3) and in overruling appellant's demurrer to appellee's counterclaim.

There is no merit in the third assignment of error. Where, as here, the ground of demurrer to a counterclaim is that it "constitutes no defense," nothing is presented. *Flanagan* v. *Reitemier* (1901), 26 Ind. App. 243, 59 N. E. 389; *State, ex rel.,* v. *Fiscus* (1914), 181 Ind. 667, 105 N. E. 230. Further, there was no judgment on the counterclaim, and any ruling thereon was therefore harmless.

It appears by the averments of the first paragraph of complaint that appellant was the owner, as grantee of one Heley, who was the grantee of one Welch, of a tract of thirty-three acres of land, which tract was out of a larger tract owned by appellees as the successors to the grantor Welch. The deed from Welch to Heley of the thirty-three acre tract contained the following covenants:

"Grantors permit grantee to use the switch of the Wabash Railroad so long as said switch is operated by said road for the purpose of transportation to and from the land herein conveyed, and in consideration of such privilege grantee agrees to build and maintain woven wire fence of eleven strands on either side of the said switch across the land now owned by grantors. Said

right-of-way to be thirty (30) feet wide, grantee is given permission to maintain the pumping station now located on the real estate owned by the grantors and to pump water across the same to the real estate herein above described, the agreements as to the pumping station and the right to use and occupy the switch across the lands of grantee shall run with the land so long as needed for the operation of the Flint gravel bed located on the land herein conveyed. Grantee agrees to build and maintain a woven wire fence between the land conveyed and the land of grantors all in Fountain County, Indiana."

Appellant, averring that operation of the Flint gravel bed has long since ceased, that the use of the railroad switch has been abandoned, and has been removed, further avers that the above recital constitutes but one covenant, and that, by its own terms, it is null and void, and prays that it may be so decreed. But appellees contend that such recital contains two separate and independent covenants, and they demur to so much of the first paragraph of complaint as relates to and seeks the cancellation and annulment of the last covenant, which provides for the building and maintaining of a woven wire fence between the land conveyed and other lands of the grantors, now owned by appellees, on the ground that such portion of the first paragraph does not state facts sufficient to constitute a cause of action. That such a challenge of a part of a pleading is a proper practice, see §349 Burns 1914, §367 Burns 1926; *Jones, Treasurer, etc.,* v. *Cullen* (1895), 142 Ind. 335, 40 N. E. 124; *Sheetz* v. *Longlois* (1880), 69 Ind. 491, 122 N. E. 362.

We hold, with the trial court, that there are two separate and distinct covenants in the recital quoted above, the second of which was not nullified by the abandonment of the Flint gravel bed and the switch.

A covenant in a deed to build and maintain fences runs with the land. *Union Traction Co.* v. *Thompson* (1916), 61 Ind. App. 183, 111 N. E. 648; *Ponsler* v. *Union Traction Co.* (1921), 76 Ind. App. 616, 132 N. E. 708. Appellant having cited no authorities under his "Points and Authorities," we deem it unnecessary to consider the questions presented further.

.The court did not err in its ruling sustaining appellees' demurrer to part of the complaint. With such part of the complaint eliminated, appellees' answer is but a disclaimer as to the remaining parts of the complaint and the demurrer thereto was properly overruled.

Judgment affirmed.