ATLANTIC DISCOUNT CORPORATION v. MANGEL'S OF NORTH
CAROLINA, INC.

No. 681SC353

(Filed 9 October 1968)

1. **Landlord and Tenant § 8— lessor's covenant to repair — destruction of premises by fire**

     Lessor's general covenant to repair the leased premises, in the absence of other controlling language in the lease or competent proof of circumstances compelling an opposite conclusion, extends to the restoration or rebuilding of structures on the premises if they are destroyed by fire; however, the use of language which can be construed only to limit or make specific the lessor's duty to repair may prevent an extension of the duties so as to embrace an obligation to restore or rebuild in case of substantial or total destruction by fire.

2. **Landlord and Tenant § 8— lease covering portion of building — lessor's duty to repair entire building**

     If the lease covers only a part of the building, an agreement to repair the building or keep it in repair will not impose a duty upon the landlord to rebuild in case the whole building is destroyed by fire.

**3. Landlord and Tenant § 6— construction of lease terms**

A construction of the terms of a lease which would be unreasonable or unequal should be avoided, if it can be done consistently with the tenor of the agreement; and a construction which is most obviously just is to be favored as being most in accordance with the presumed intention of the parties.

**4. Landlord and Tenant § 8— covenant. to repair — duty to rebuild premises destroyed by fire**

Lease prepared by lessee which covered only a portion of the building and which contained a provision that landlord agrees to "make all repairs and replacements which may be necessary to maintain the demised premises in a safe, dry and tenantable condition and in good order and repair" does not impose obligation on the lessor to rebuild in case the entire building is destroyed by fire.

**5. Landlord and Tenant § 8— covenant to rebuild improvements — duty to rebuild premises destroyed by fire**

Lessor's covenant to rebuild and repair improvements within the demised premises cannot be extended to impose upon lessor a duty to rebuild an entire building destroyed by fire of which the demised premises is only a portion.

**6. Landlord and Tenant § 8— covenant to maintain fire insurance — duty to rebuild**

Lessor's covenant to maintain fire insurance for "the restoration and rebuilding of the improvements" in the demised premises will not be construed as a covenant to maintain insurance on the entire building.

**7. Landlord and Tenant § 6— construction of lease terms**

Construction of a lease contract leading to an absurd, harsh or unreasonable result should be avoided if possible.

APPEAL by defendant from *Cowper, J.*, 29 April 1968 Session (2nd week), PASQUOTANK Superior Court.

On 25 September 1953, plaintiff was the owner of The Carolina Building, located on the north side of East Main Street in Elizabeth City, North Carolina. The Carolina Building extended from McMorrine Street on the east to Martin Street on the west, having a frontage of approximately 200 feet on East Main Street, and extended northward between McMorrine and Martin Streets for a depth of approximately 100 feet. The ground level of the building had eight retail store sections of approximately 23 feet each fronting on East Main Street, and a center corridor (or arcade) 16 feet in width. The second, third, and fourth floor levels were devoted primarily to office space for rent to various tenants.

By instrument dated 25 September 1953, plaintiff leased to the defendant, for a term beginning 1 October 1953 and expiring 30 September 1973, two of the retail store sections on the ground level,

plus an area for storage space on the second floor. The defendant occupied the two retail store sections and made improvements therein.

On 1 March 1967 The Carolina Building was wholly destroyed by fire.

Plaintiff claims the lease was terminated by the complete destruction of the building which contained the leased premises. Defendant claims the lease was not terminated, and that plaintiff is under duty to restore the leased premises for defendant's use during the remaining term of the lease. This action was instituted by plaintiff under the Uniform Declaratory Judgment Act (G.S. 1-253 through 1-267) for a determination of the rights of the parties under their lease agreement.

Judge Cowper heard the cause upon the pleadings and concluded that:

"1. The lease agreement between the parties dated September 25, 1953, attached to the complaint in two parts as Exhibit A and Exhibit B, was terminated by the fire which occurred on March 1, 1967 which completely destroyed the building of which the lease (sic) premises was a part.

"2. The land upon which the leased premises was situated is free and clear of any claim by the defendant, the plaintiff being under no duty to restore or rebuild the leased premises, the improvements therein, nor any part thereof."

From entry of the judgment, defendant appealed.

*Worth and Beaman, and Leroy, Wells, Shaw and Hornthal, by L. P. Hornthal, Jr., for plaintiff appellee.*

*J. W. Jennette for defendant appellant.*

BROCK, J.

Those sections of the lease which are pertinent to the controversy between the parties are as follows:

"4.(a)  The Tenant may, by giving written notice to the Landlord one hundred eighty (180) or more days before the last day of the term hereof extend such term to and including the thirtieth of September, (1978) upon the same covenants and agreements as are herein set forth."

"5.  The Tenant at its own expense may from time to time during the term of this lease make any alterations, additions

and improvements in, on and to the demised premises which it may deem necessary or desirable and which do not adversely affect the structural integrity thereof but it shall make them in a good and workmanlike manner and in accordance with all valid municipal and State requirements applicable thereto. All salvage from such work shall belong to the Tenant but all permanent structural improvements shall belong to the Landlord and become part of the premises subject to this lease."

"7. If at any time after the execution hereof the improvements then included within the demised premises in whole or in part are destroyed or damaged by fire, the elements, or casualty, the Landlord, at its expense, shall promptly restore or rebuild them as nearly as practicable to the condition existing just prior to such destruction or damage, but the Landlord shall not be required to restore any part of any air conditioning system in the demised premises except ducts and casings; except that if said improvements are destroyed or damaged during the last two (2) years of the term hereof (and if said term shall have been extended then this provision shall apply only to the last two (2) years of the latest extension of said term) to the extent of fifty per cent (50%) or more of the then value of said improvements, then either party may terminate this lease as of the date of such damage or destruction by giving written notice to the other party within thirty (30) days thereafter of its election so to do. . . .

"If, as a result of damage to or destruction of such improvements due to fire or the elements, or casualty, the whole or any part of the premises shall become untenantable, dangerous or unfit for the Tenant's use or the Tenant lose the use of all or any part of the premises, rent shall abate justly and proportionately during the continuance of such condition."

"8. At all times after the execution hereof the Landlord shall carry fire insurance with Extended Coverage Endorsement on the improvements then included in the demised premises (or if any such improvements are part of a larger building, then on such larger building) in solvent and responsible companies authorized to do business in the State where the demised premises are located and equal in amount to not less than 80% of the full insurable value of the improvements or building required to be insured hereunder. Certified copies or certificates of all such insurance policies shall be deposited with the Tenant. Any proceeds under such insurance policies shall be held by the

Landlord as a trust fund and applied and disbursed by it toward the restoration and rebuilding of the improvements pursuant to Section 7 hereof."

"9. . . . The Landlord shall promptly make all repairs and replacements (other than those herein required to be made by the Tenant) which may be necessary to maintain the demised premises in a safe, dry and tenantable condition and in good order and repair."

The defendant urges that Section 9 of the lease constitutes a general covenant to repair, and that this covenant imposes upon the landlord the duty to rebuild the building.

[1]   "The rule has become well settled that the duty created by a lessor's general covenant to repair the leased premises shall, in the absence of other controlling language in the lease or competent proof of circumstances compelling an opposite conclusion, be construed to extend to the restoration or rebuilding of structures on the premises if they are destroyed by fire." Annot., 38 A.L.R. 2d 682, at 703 (1954) ; see also, 32 Am. Jur., Landlord and Tenant, § 709, p. 586.

[1]   However, it is also well settled that "the use of language which can be construed only to limit or make specific the duty of a lessor to repair structures on the leased premises may prevent an extension of the duties so as to embrace an obligation to restore or rebuild in case of substantial or total destruction by fire." Annot., 38 A.L.R. 2d 682, at 705 (1954).

[2]   Also, "the view is taken that if the lease covers only a part of the building, an agreement therein to repair the building or keep it in repair will not be interpreted as imposing a duty upon the landlord to rebuild in case the whole building is destroyed by fire; such situation is said to call for an application of the principle under which the performance of a contract is excused where through no fault of the parties the subject matter without which the contract cannot be executed has ceased to exist." 32 Am. Jur., Landlord and Tenant, § 709, p. 586.

The defendant relies partially upon *Chambers v. North River Line*, 179 N.C. 199, 102 S.E. 198, to support its contention that a general covenant to repair imposes a duty to rebuild in case of total destruction. However, that case is distinguishable from the case at hand both on the facts and the principles of law involved. *Chambers* was concerned with a tenant's covenant to repair contained in the lease of a wharf which was destroyed by the freezing of a river.

The Supreme Court held the tenant's duty to repair was not relieved by G.S. 42-9, because the provisions of that Statute were limited to a destruction of a house by fire. Also, in *Chambers* the lease was for the entire wharf, and the Court had no reason to discuss the common law rule applicable to the destruction of a building of which the leased premises covers only a portion.

Our research discloses no North Carolina case defining the duty of the lessor under a general covenant to repair in a lease of only a portion of a building, where the entire building is destroyed by fire. In *Saylor v. Brooks*, 114 Kan. 493, 220 P. 193, the Court held that an agreement by the landlord in a lease of the first floor and basement of a two-story concrete building that the premises should be "kept in good repair" does not obligate him to restore it where without his fault the building is entirely destroyed by fire. The opinion states: "We do not think the fact that a lease covering a part of a building contains the statement that the landlord agrees to keep it in repair has any fair tendency to indicate that the parties actually contemplated an obligation on his part to rebuild in case the whole house should be destroyed, and we see no sufficient grounds to interpret the language as imposing that duty upon him. The situation impresses us as one for the application of the principle under which the performance of a contract is excused, where, through no fault of the parties, its subject matter, without which it cannot be executed has ceased to exist."

[3, 4] A construction of the terms of a lease which would be unreasonable or unequal should be avoided, if it can be done consistently with the tenor of the agreement; and a construction which is most obviously just is to be favored as being most in accordance with the presumed intention of the parties. 32 Am. Jur., Landlord and Tenant, § 127, p. 130. The defendant lessee in this case prepared the lease which covers a little over seventeen pages of the Record on Appeal. It seems to be detailed as to the rights and obligations of the parties. If the parties had intended to obligate the lessor to rebuild in case of destruction of this entire building by fire, it would have been a simple matter to so provide. Instead he now seeks to impose such an obligation by asserting the provisions of Section 9 of the lease. We hold that this lease covering only a portion of a building and containing a provision that the landlord agrees to "make all repairs and replacements which may be necessary to maintain the demised premises in a safe, dry and tenantable condition and in good order and repair" does not fairly indicate, without more specific language, that the parties contemplated an obligation on the lessor to rebuild in case the entire building should be destroyed.

**[5]**    The defendant lessee further asserts that Section 7 of the lease constitutes a specific covenant to rebuild and repair in case the premises are destroyed by fire. A reading of Section 7 discloses that it is specifically applicable to *improvements* within the demised premises. It is also clear that the word *improvements* is given a distinct meaning throughout the lease as opposed to the meaning of the *demised premises*. A covenant to rebuild and repair improvements within the demised premises cannot be extended to impose a duty to rebuild an entire building of which the demised premises is only a portion.

**[6]**    The defendant further urges that Section 8 of the lease constitutes a covenant to maintain insurance on the entire building, and that the proceeds from the insurance constitutes a trust fund for the benefit of the lessee, and that under this Section 8 the lessor is obligated as trustee to apply the proceeds towards rebuilding the building. Once again we note that defendant lessee prepared the lease in question, and if such was the intent of the parties it would have been a simple matter to make such a provision in Section 8. However, Section 8 specifically provides for the "restoration and rebuilding of the improvements" in the demised premises; it does not mention rebuilding the building.

**[7]**    It would be harsh and unreasonable to require the lessor to restore and rebuild the *improvements* as they were in the demised premises, when the demised premises was only a portion of a building which has been entirely destroyed by fire. A construction of a contract leading to an absurd, harsh or unreasonable result should be avoided if possible. 51C C.J.S., Landlord and Tenant, § 232(4), p. 594.

The judgment entered by Judge Cowper is affirmed, and this cause is remanded for a determination of the rights of the parties to an adjustment of percentage rental under Sections 19(a) and 19(b) of the lease agreement, in accordance with paragraphs 3, 4 and 5 of Judge Cowper's judgment.

Affirmed and remanded.

BRITT and PARKER, JJ., concur.