585 P.2d 907

**Richard ROSE, a married man,
Plaintiff/Appellee,**

v.

**FREEWAY AVIATION, INC., an Arizona
Corporation, Defendant/Appellant.**

2 CA–CIV 2892.

Court of Appeals of Arizona,
Division 2.

Oct. 5, 1978.

Johnson, Dowdall & Terry by Richard J. Dowdall, Tucson, for plaintiff/appellee.

Mesch, Marquez & Rothschild, P. C. by Douglas H. Clark, Jr., Tucson, for defendant/appellant.

OPINION

RICHMOND, Chief Judge.

This is an appeal from a partial summary judgment on liability in favor of the plaintiff, Richard Rose, as tenant under a lease with Freeway Aviation, Inc. The determinative question is whether Freeway was obligated to rebuild a building after it had been destroyed by a windstorm.

On March 1, 1970, the parties entered into a five-year lease of the building, which was to be used by Rose for airplane repair work. The lease provided in part:

"[Freeway] shall be responsible for the payment of all utilities on the leased premises as well as maintaining the leased premises in at least a good condition as they are presently."

The facts are not in dispute. In the latter part of 1973 the doors and frame were extensively damaged when a gasoline truck operated by a Freeway employee struck the building. Despite repeated requests to Freeway by Rose, the building was never repaired. In September, 1974, it was demolished by the storm. Thereafter, Rose tendered a check for the October rent and asked Freeway to rebuild it. Freeway refused on the ground that the lease had been terminated by the destruction of the building, and returned the check.

Rose then commenced this action for breach of the lease. In various counts, the complaint also alleged negligence, recklessness and gross negligence on the part of Freeway in refusing to repair and replace

the building, and that Freeway was liable for punitive as well as compensatory damages. Although the judgment purports to determine all liability issues raised by the complaint in favor of Rose, the issue presented by cross motions for summary judgment and argued on appeal is whether Freeway was obligated to rebuild by its covenant to maintain the leased premises in as "good condition as they are presently," or whether destruction of the building terminated all obligations under the lease.

■ Freeway's argument that the lease and any obligations thereunder were terminated by destruction of the building is based on the rule of supervening impossibility of performance, where a specific thing necessary for the performance of a contract is accidentally destroyed. That rule has no application, however, where the promisor has assumed by his contract the risk of the thing's continued existence. *Eggen v. Wetterborg*, 193 Or. 145, 237 P.2d 970 (1951), citing 6 Williston, Contracts (rev. ed.) 5451, § 1946.

Arizona cases cited by the parties are not in point. *Friedman v. LeNoir*, 73 Ariz. 333, 241 P.2d 779 (1952), dealt with a covenant to maintain and repair, expressly excluding major structural alterations. *Leonardi v. Furman*, 83 Ariz. 61, 316 P.2d 487 (1957), distinguished the terms "repair" and "restore" in the context of a contract using both in the alternative.

■ The rule is well settled that the duty created by a lessor's general covenant to repair the leased premises shall, in the absence of other controlling language in the lease or competent proof of circumstances compelling an opposite conclusion, be construed to extend to the restoration or rebuilding of structures on the premises if they are destroyed. *Atlantic Discount Corp. v. Mangel's of N. C., Inc.*, 2 N.C.App. 472, 163 S.E.2d 295, 298 (1968), citing Annot., 38 A.L.R.2d 682, at 703 (1954). *See also* 49 Am.Jur.2d, Landlord and Tenant, § 833, p. 801; *but see, contra, Heart of America Lumber Co. v. Belove*, 111 F.2d 535 (8th Cir. 1940). The same is true of a tenant's general covenant to repair. *See, e.*

*g., Anderson v. Ferguson*, 17 Wash.2d 262, 135 P.2d 302 (1943).

"Maintain" is a broader term than "repair." *Wroblewski v. Grand Trunk Western Railway Co.*, 150 Ind.App. 327, 276 N.E.2d 567 (1971). Black's Law Dictionary (revised 4th ed. 1968) at page 1105 defines "maintain" as " * * * keep in repair; keep up; preserve; preserve from lapse, decline, failure or cessation; provide for; *rebuild* ; repair; replace * * *." A covenant to maintain includes a covenant to rebuild. *Ponsler v. Union Traction Co.*, 76 Ind.App. 616, 132 N.E. 708 (1921).

Agreements which are clear and unambiguous will be enforced according to their terms and the words used will be given their normal ordinary meaning. *Korman v. Kieckhefer*, 114 Ariz. 127, 559 P.2d 683 (App.1976). "Maintain" is defined in Webster's Third New International Dictionary (1971) as "to keep in a state of repair, efficiency, or validity: preserve from failure or decline." Freeway did not see fit to restrict its general covenant to maintain, and the case does not present any circumstances compelling a conclusion contrary to the general rule.

■ It is conceded that Freeway's failure to repair the damage to the doors and frame was a breach of the lease. Its covenant to maintain having obligated it to rebuild, the lease was not terminated by destruction of the building, and summary judgment as to its liability for failure to repair and rebuild was properly granted. There is nothing in the record, however, to support a judgment that Freeway is liable for punitive damages, and the judgment is modified to delete any such liability.

Affirmed as modified.

HOWARD and HATHAWAY, JJ., concur.