NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

FELICE SOLDWEDEL, *Petitioner/Appellee/Cross-Appellant*,

*v.*

JOSEPH E. SOLDWEDEL, *Respondent/Appellant/Cross-Appellee*.

No. 1 CA-CV 20-0326 FC
FILED 6-24-2021

Appeal from the Superior Court in Yavapai County
No. P1300DO201700274
The Honorable Joseph P. Goldstein, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Mull & Brown, PLLC, Prescott
By John G. Mull
*Counsel for Petitioner/Appellee/Cross-Appellant*

Katz & Bloom, P.L.C., Phoenix
By Norman M. Katz
*Counsel for Respondent/Appellant/Cross-Appellee*

---

**MEMORANDUM DECISION**

---

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

¶1        Joseph E. Soldwedel ("Husband") appeals the superior court's entry of a decree awarding spousal maintenance pursuant to a pre-marital agreement and an amendment thereto.  Felice Soldwedel ("Wife") cross-appeals the court's denial of her motion to alter or amend the decree. For the following reasons, we affirm the challenged rulings in the decree. We vacate the denial of the motion to alter or amend the decree and remand with directions for the court to enter an order of assignment/income-withholding pursuant to Arizona Revised Statutes ("A.R.S.") section 25-504(A) through the support-payment clearinghouse.

## FACTS AND PROCEDURAL HISTORY

¶2        The parties signed a pre-marital agreement on their wedding day in 2010 and an amendment to it three months later (collectively, "the Agreements"), both of which included a spousal-maintenance provision in the event of dissolution.  The provision provided that any future spousal maintenance paid by Husband to Wife would be taxable to Wife and deductible by Husband under the Internal Revenue Code.  The parties expressly covenanted that spousal maintenance would be non-modifiable in the event of a change in the law.

¶3        In 2017, Wife filed a petition for dissolution of marriage. Husband filed a petition for annulment based on fraudulent inducement to marry, duress, and lack of contractual intent.  During litigation, Husband asserted that Wife had tried to poison him during their marriage.  Wife moved in limine to preclude Husband from offering any evidence of poisoning at trial.  The superior court held the first trial in 2019, limited to addressing only the discrete issues of validity of the Agreements and the petition for annulment.  The court granted in part Wife's motion in limine and precluded Husband from presenting evidence on his claim that Wife poisoned him, which Husband argued was relevant to his fraud in the inducement defense to the validity of the marriage.  The court found any alleged poisoning evidence irrelevant to the issues of the validity of the

Agreements or whether the marriage should be annulled. The court upheld the Agreements as valid, denied the petition for annulment, and awarded Wife attorneys' fees and costs. The court directed entry of final judgment and signed the ruling pursuant to Arizona Rule of Family Law Procedure ("Rule") 78(b). Husband did not appeal this ruling within thirty days.

**¶4** Litigation proceeded on the remaining issues relevant to the petition for dissolution. Husband filed a motion for rescission of the Agreements based on a change in the tax code in 2017 that he contended changed the tax implications of the spousal maintenance provisions in the Agreements whereby any spousal maintenance would no longer be taxable to Wife or deductible by Husband. Husband argued the tax-code change rendered the Agreements unenforceable due to mutual mistake and impossibility of performance. The court denied Husband's motion, finding no mutual mistake.

**¶5** The superior court held a second trial in 2020 on the remaining issues, awarded spousal maintenance, and entered a decree pursuant to Rule 78(b). The court found Wife the prevailing party and awarded her attorneys' fees based on the pre-marital agreement and A.R.S. § 25-324.

**¶6** Wife filed a Rule 83 motion to alter or amend the decree, asking the court to order that the spousal-maintenance payments be made by order of assignment or an income-withholding order under A.R.S § 25-504(A). The court awarded Wife attorneys' fees and costs related to the second trial and denied Wife's motion to alter or amend the decree. Husband appealed, and Wife cross-appealed.

**ANALYSIS**

*I.* *Jurisdiction*

**¶7** In this appeal, Husband in part challenges the superior court's rulings rejecting his defenses to enforcement of the Agreements based on mutual mistake and supervening impossibility and the court's preclusion of poisoning evidence. Wife contends this court lacks jurisdiction to consider Husband's arguments because the arguments hinge on the superior court's first Rule 78(b) judgment that upheld the validity of the Agreements, which Husband failed to timely appeal.

**¶8** This court has jurisdiction over timely filed appeals from final judgments rendered pursuant to Rule 78(b). *See* A.R.S. § 12-2101(A)(1); ARCAP 9(a). Rule 78(b) states that the superior court "may direct the entry

of a final judgment as to one or more, but fewer than all, [of the] claims." But the inclusion of Rule 78(b) language in an order that does not fully adjudicate a claim in an action will not render the order substantively appealable. *See Sisemore v. Farmers Ins. Co. of Ariz.*, 161 Ariz. 564, 567 (App. 1989).

**¶9**　　　The Rule 78(b) judgment rendered after the first trial fully resolved the petition for annulment, upheld the validity of the Agreements, and left unresolved issues underlying the petition for dissolution, including spousal maintenance. The first judgment was not final and appealable as to the spousal maintenance awarded in the second judgment. The court's finding that the Agreements were valid was a preliminary ruling the court later used to enforce the Agreements and provide for the distribution of property and spousal maintenance. Husband's decision not to appeal the first judgment does not deprive this court of jurisdiction over his appeal from the second judgment.

**¶10**　　　Husband also appeals the superior court's award of attorneys' fees to Wife after the second trial. Wife argues that the first Rule 78(b) judgment established her entitlement to attorneys' fees and that Husband's failure to timely appeal that ruling deprives this court of jurisdiction to consider his challenge to the award of attorneys' fees after the second trial. But the court awarded Wife attorneys' fees after each trial for separate and independent reasons. Because Husband timely appealed the attorneys' fee award after the second trial, we reject Wife's jurisdictional argument.

**¶11**　　　We have jurisdiction over Husband's timely appeal under A.R.S. § 12-2101(A)(1) and Wife's cross-appeal under A.R.S. § 12-2101(A)(2).

　　　*II.　Mutual Mistake*

**¶12**　　　Husband argues the superior court erred by failing to rescind the Agreements because the parties mistakenly concluded therein that the spousal-maintenance payments would remain tax deductible for Husband and taxable to Wife throughout any spousal-maintenance term. In denying Husband's motion for rescission, the court interpreted the Agreements and found no mutual mistake, noting that "the express terms of the premarital agreement show that the parties considered that the law may change and agreed to hold to spousal support as set forth."

**¶13**　　　We review the superior court's interpretation of a contract and legal conclusions *de novo*. *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9 (App. 2009). Arizona courts will enforce clear and

4

unambiguous terms of an agreement. *Rose v. Freeway Aviation, Inc.*, 120 Ariz. 298, 299 (App. 1978).

¶14        The defense of mutual mistake of fact in a contract dispute requires Husband to prove the parties made a mistake *at formation* about a basic contractual assumption. *Hall v. Elected Offs.' Ret. Plan*, 241 Ariz. 33, 41-42, ¶ 25 (2016); Restatement (Second) of Contracts ("Restatement") § 152(1) (1981) (providing for voidability of a contract where the parties made a mutual mistake as to a basic contractual assumption at the time of contract formation); *see also Renner v. Kehl*, 150 Ariz. 94, 96-97 (1986) (applying § 152 to address the defense of mutual mistake of fact). "A mistake is a belief that is not in accord with the facts" or law in existence at the time of contract formation. Restatement § 151 & cmt. a (explaining that "mistake" refers to an erroneous belief relating to facts existing at the time of contract formation), cmt. b (noting that the Restatement rules do not draw a distinction between fact and law and treat the laws existing at the time of formation "as part of the total state of facts at that time").

¶15        Husband argues the 2010 Agreements set forth the parties' mutual mistake that spousal-maintenance payments would be tax deductible to Husband and taxable as income to Wife—tax consequences that are no longer possible after a 2017 tax-code change. But a 2017 tax-code change did not exist at the time of formation of the 2010 Agreements and thus could not be the basis for recission based on mutual mistake. *See* Restatement § 151. Husband's hope that the tax consequences of the parties' 2010 Agreements would not change to his detriment is not a mistake, but instead, at best, is a prediction or judgment as to an event that would occur in the future. *See* Restatement § 151 cmt. a (explaining that an erroneous prediction about future events is not a mistake). Moreover, by the Agreements' express terms, the parties contemplated a change in the law. They expressly agreed that spousal maintenance was non-modifiable even if there was a change in the law. Husband cannot prove that the parties made a mistake as a matter of law. We find no error.

        III.    *Impossibility*

¶16        Husband asserts the superior court erred because it should have found the Agreements unenforceable due to supervening

impossibility of performance after the tax-code change in 2017.[1]  Husband argues the availability of the bargained-for tax deduction in the Agreements is necessary for the performance, and given the supervening impossibility of performance under the Agreements due to the tax-code change, the superior court erred by not excusing him from performing.  The rule of supervening impossibility of performance, now referred to as "supervening impracticability,"[2] is set forth in § 261 of the Restatement:

> Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.

The rule applies when a supervening event renders the performance of an assumed duty unexpectedly impracticable.  Restatement § 261 cmt. a; *see 7200 Scottsdale Rd.*, 184 Ariz. at 345.

¶17        Here, the Agreements require Husband to pay Wife spousal maintenance in the event of either party filing a petition for dissolution.  Husband does not argue that after the tax code changed, it would be impossible or impracticable to perform his contractually assumed duty to pay spousal maintenance, only that he would no longer receive the benefit of the anticipated tax deduction.  This is not a claim for impossibility or impracticability of purpose.  It was not a basic assumption of the Agreements that the tax implications of spousal-maintenance payments that existed at the time of formation would not later change.[3]  The parties

---

[1]        Wife argues Husband failed to raise this argument before the superior court and thus waives it.  But the record shows Husband argued impossibility in conjunction with mutual mistake.

[2]        *See 7200 Scottsdale Rd. Gen. Partners v. Kuhn Farm Mach., Inc.*, 184 Ariz. 341, 345 n.2 (App. 1995) ("The Restatement no longer uses the term 'impossibility.'  Instead it substitutes the term 'impracticability' for impossibility." (citation omitted)).

[3]        Although a supervening event contemplated by § 261 can include a supervening prohibition or prevention by law under § 264, the occurrence of a supervening event may only discharge contractually assumed duties. *See* Restatement § 261.  Here, Husband contractually assumed the duty to

expressly agreed that any changes in the law would not alter their duties under the Agreements. Thus, the superior court did not err in rejecting Husband's motion to rescind based on supervening impossibility.

### IV.    Preclusion of Poisoning Evidence

**¶18**        Husband argues the superior court erred when it enforced the terms of the Agreements because it wrongfully precluded Husband from presenting evidence of alleged poisoning that he argued was relevant to prove his claim the Agreements are unenforceable under A.R.S. § 25-202. We review evidentiary rulings for an abuse of discretion. *Kimu P. v Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 42, ¶ 11 (App. 2008).

**¶19**        Fraud in the inducement to render an agreement unenforceable on voluntariness grounds under A.R.S. § 25-202 must exist at the time of execution of the agreement. *See Spector v. Spector*, 23 Ariz. App. 131, 140 (1975). Here, any evidence of alleged poisoning years after the marriage had no tendency to make the fact of Husband's voluntariness at the time of execution of the Agreements in 2010 more or less likely and was irrelevant to Husband's fraud in the inducement defense to the validity of the Agreements. *See* Ariz. R. Evid. 401(a).

**¶20**        Husband argues the superior court was required to consider subsequent-acts evidence from which it could infer and determine Wife's fraudulent intentions. Although evidence of other acts may be admissible to prove intent under Arizona Rule of Evidence 404(b), the evidence must still have independent relevance. *See State v. Hays*, 17 Ariz. App. 202, 205 (1972). As discussed *supra*, there is no relevant purpose here. Thus, the superior court did not abuse its discretion in precluding the irrelevant poisoning evidence.

### V.    Attorneys' Fees

**¶21**        Husband asserts the superior court erred by awarding Wife attorneys' fees in the decree based on the terms of the Agreements and A.R.S. § 25-324, a ruling we review for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 351, ¶ 32 (App. 1998).

**¶22**        Given the pre-marital agreement provision for attorneys' fees under a prevailing-party standard, the superior court found Wife the prevailing party and awarded her attorneys' fees partly on that basis. Wife

---

pay Wife spousal maintenance. His tax obligations are not a contractually assumed duty.

concedes the prevailing-party standard is erroneous under *Breitbart-Napp v. Napp*, 216 Ariz. 74, 84, ¶ 39 (App. 2007), and *Bobrow v. Bobrow*, 241 Ariz. 592, 593, ¶ 1 (App. 2017) (holding pre-marital agreements stipulating to a prevailing-party standard for awarding attorneys' fees violate public policy per se).

**¶23** However, the superior court also awarded Wife attorneys' fees pursuant to A.R.S. § 25-324, finding Husband had "far greater financial resources than Wife," which Husband does not dispute. Although the court did not address the reasonableness of the parties' positions in the decree, which is an additional prerequisite factor relevant to awarding attorneys' fees under A.R.S. § 25-324, we presume the court made a factual finding that Husband's position was unreasonable. *See Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992) (stating that any additional findings necessary to uphold the judgment are implied if reasonably supported by the evidence and not in conflict with the court's express findings). The record supports this implied factual finding. At the first trial in 2019, Husband waived all defenses to the validity of the Agreements except for fraud in the inducement. Despite this waiver, Husband again challenged the validity of the Agreements before the second trial in 2020, urging the court to rescind the Agreements based on mutual mistake and supervening impossibility due to a tax-code change in 2017. The court rejected these arguments, noting that although Husband argued the Agreements should be invalidated because a 2017 tax-code change would render spousal-maintenance payments tax neutral, the express terms of the Agreements showed the parties considered future law changes and agreed spousal maintenance was not modifiable. We find no abuse of discretion.

### VI. *Denial of Rule 83 Motion*

**¶24** In her cross-appeal, Wife argues the superior court erred in denying her Rule 83 motion that requested monthly spousal-maintenance payments be paid by order of assignment through the support-payment clearinghouse per A.R.S. § 25-504(A). We review the family court's denial of a Rule 83 motion for an abuse of discretion. *See Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009). Abuse of discretion includes committing an error of law. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 189, ¶ 58 (App. 2008).

**¶25** Section 25-504(A) provides that "[i]n a proceeding in which spousal maintenance is ordered to be paid the court shall order the assignment on either party's request." In its denial of Wife's motion, the superior court stated that the statute requires formal request, but that Wife

had only informally requested assignment via email and Husband had complied with spousal-maintenance payments. The court's finding that Wife's informal email request was insufficient is an implied finding that she did not raise the matter before filing the Rule 83 motion and thus waived it. *See Osterkamp*, 172 Ariz. at 193. But waiver is discretionary. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013). The statute mandates assignment upon request. A.R.S. § 25-504(A). The statute does not define request, preclude informal requests, nor set forth any timing, formality, or compliance parameters. We see no reason why A.R.S. § 25-504(A)'s provision mandating assignment upon request should not apply after the court entered the decree and on Wife's request. Accordingly, we vacate the court's denial of Wife's motion to alter or amend the decree and remand for the court to order assignment.

## CONCLUSION

**¶26** For the foregoing reasons, we affirm the superior court's rulings in the decree, vacate the denial of the motion to alter or amend, and remand for the court to order assignment. In our discretion, we decline to award requested attorneys' fees on appeal to either party pursuant to A.R.S. § 25-324. We award taxable costs on appeal to Wife upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

9